## Case No. 13,067.

### SMITH et al. v. JOHNSON.

[2 Cranch, C. C. 645.] [1]

Circuit Court, District of Columbia. April Term. 1826.

NOTES—PLACE OF PAYMENT—DEMAND—PAYMENT.

1. In action against the maker of a promissory note, payable at a particular bank, it is not necessary to aver or prove a demand of payment at that bank.

2. A promissory note, given as collateral or counter security for a note borrowed, is not discharged or vacated by the borrower's discharging or taking up the borrowed note with funds furnished by the lender.

Debt against the maker of a promissory note for $5,000, dated January 8th, 1824, payable to and indorsed by Jacob Hoffman to the plaintiffs [Walter and Clement Smith], and given by Hoffman to them as a collateral guaranty to secure them against their note for the like amount, dated January 9th, 1824, lent to Hoffman for the use of the defendant [George Johnson] and Hoffman in a business in which they were jointly concerned. The note was made payable at the Farmers' and Mechanics' Bank in Georgetown, and the declaration avers a demand at that bank.

Mr. Jones and Mr. Taylor, for defendant, prayed the court to instruct the jury, that they must be satisfied that payment of the note was demanded at the said bank before the plaintiffs can recover in this action. Rowe v. Young, 2 Brod. & B. 165; Chit. Bills, 321.

Mr. Key, contra, cited the case of Rhodes v. Gent, 5 Barn. & Ald. 244; 7 Serg. & R. 84; Foden v. Sharp, 4 Johns. 183; Wolcott v. Vantvoord, 17 Johns, 248; 3 Chit. Pl. 4; Butterworth v. Le Despencer, 3 Maule & S. 150; Pearse v. Pemberthy, 3 Camp. 261.

THE COURT (nem. con.) refused to give the instruction; considering the averment in the declaration as immaterial in an action against the maker.

The counsel for the defendant, prayed the court, in substance, to instruct the jury, that if the defendant, or Mr. Hoffman, his partner, had paid and taken up the lent note, the plaintiffs could not recover upon the guaranty note. And the plaintiffs prayed the court, in substance, to instruct the jury that, if the lent note was taken up, in whole, or in part, with funds furnished by the lenders, the plaintiffs are entitled to recover upon the guaranty note, to the extent of the funds thus furnished by them. Both of which instructions THE COURT in effect gave.

Verdict for the plaintiffs, $2,135.68, and interest from the 31st of May, 1825.

Five bills of exception were taken; but no writ of error was issued.

[See Case No. 13,061.]

---

SMITH (JONES v.). See Case No. 7,497.

## Case No. 13,068.

### SMITH v. JORDAN.

### HITCH et al. v. SAME.

[Brunner, Col. Cas. 627; [1] 21 Law Rep. 204.]

Circuit Court, D. Massachusetts. May Term. 1857.

APPEAL—DAMAGES—SEAMEN—DISRATING.

1. In a case of marine tort the decree of the district court will not be reversed on appeal on a question of the amount of damages, unless it is clearly excessive.

2. The power of the master to disrate an officer or seaman is remedial and not penal, and does not authorize a degradation to the lowest place, if there is an intermediate office which the man may be supposed competent to fill.

[Appeal from the district court of the United States for the district of Massachusetts.

[These were libels by Edward Jordan against James L. Smith and Charles Hitch and others for marine torts, and subtraction of wages. From a decree in favor of libelant in the district court (case unreported), respondents appealed.]

L. F. Brigham, for appellants.

C. M. Ellis, contra.

CURTIS, Circuit Justice. The first of these cases was an appeal by the respondent in a suit in admiralty, brought by the appellee in the district court for several marine torts, on account of which that court pronounced for damages in the sum of four hundred and sixty-five dollars. The libelant shipped as cooper at New Bedford, in May, 1852, for a whaling voyage, on board the bark Cleora. He has pleaded that he was unlawfully put in irons and imprisoned in the afterhold of the ship; that this imprisonment was continued for about the space of four months, during some part of which time, however, he was allowed to be on deck during the day; that it was accompanied by circumstances of degradation and cruelty; and that on the 17th day of January, 1854, he was forced on shore at Lahababoo, an island in the Pacific Ocean inhabited only by savages, whence he made his escape, through the humanity of the master of a British vessel, which was there to procure some supplies. The respondent admits that the libelant was unlawfully set on shore; but has attempted to justify the imprisonment on the ground that the libelant, being found indisposed to do his duty as cooper, was disrated, and ordered before the mast; that he refused to perform the duty of a foremast hand, and thereupon was imprisoned. In the second case, wherein the opinion will presently be stated, I have fully considered the question whether the master was justified in requiring the libelant to perform foremast hand's duty, and having come to the conclusion that he was not, it necessarily follows that the measures resorted to, to compel the libelant to do that duty were unjusti-